IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MACKENZIE WAGNER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) )   Case No. 23-cv-00440-SH |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, | ) ) ) ) |
|     Defendant. | ) ) |

**OPINION AND ORDER**

Before the Court is Defendant's motion to quash—or declare void—the deposition subpoena issued to Mara Aguilar. Because the subpoena was not delivered to Aguilar, it is not enforceable. The parties may file a separate motion to extend deadlines if necessary.

**Background**

Plaintiff Mackenzie Wagner has been seeking for many months to depose Mara Aguilar, a one-time employee of Defendant Property and Casualty Company of Hartford.

On June 21, 2024, Wagner issued a subpoena to Aguilar "care of" Hartford's counsel and apparently served it by certified mail. (ECF Nos. 46-1, 49-8.) No party appears to dispute that Aguilar is a former employee of Hartford and that Hartford's counsel has been unable to contact Aguilar since she retired from Hartford. (*See, e.g.,* ECF No. 46-2 (defense counsel stating, on July 18, 2024, "[Aguilar] has not answered our repeated attempts to contact her since she retired from Hartford"); ECF No. 49-4 (plaintiff's counsel stating, on February 19, 2024, "I know [Aguilar] is retired and you were attempting to contact her").) All parties appear to agree to the deposition of Aguilar, if it could be arranged. (ECF No. 46 at 3 ("Harford does not object to Ms. Aguilar being

deposed").) But, there is no evidence that Hartford's counsel represents Aguliar; indeed, it is hard to see how such an attorney-client relationship could be formed when counsel has been unable to contact her. There is also no evidence that Hartford's counsel has agreed to accept service on Aguilar's behalf, much less that Aguilar has authorized it to do so.

Hartford asks the Court to quash the subpoena to Aguilar or, alternatively, to issue a protective order voiding the subpoena. Hartford argues, among other things, that the subpoena violates the geographic limits of Rule 45(c), attempts to force Harford to produce a witness it does not control, and was insufficiently served. Wagner argues that Hartford listed Aguilar as "c/o" its counsel, said for months that it was trying to arrange her deposition, and failed to provide her contact information until after the subpoena was issued. As a result, Wagner argues that Hartford has prevented it from commencing its own investigation into Aguilar's location; in the event Hartford's motion is granted, Wagner requests seven months to find and depose Aguilar.

## Analysis

Hartford has standing to challenge the subpoena to Aguilar. Generally, a claim of privilege or a personal or proprietary interest is required before a party may challenge a subpoena served on a third party under Rule 45. *See Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564-TCK-JFJ, 2020 WL 972754, at *2 (N.D. Okla. Feb. 28, 2020). Here, however, Wagner is attempted to place a burden on Hartford (or its counsel) to produce Aguilar for a deposition, and the Court finds that Hartford has a personal interest in the enforcement of the subpoena. In any event, the Court may issue a protective order to protect a party from annoyance or undue burden. Fed. R. Civ. P. 26(c)(1).

"Serving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). "[S]ervice on a person's lawyer will not suffice." 9A Arthur R. Miller, Fed. Practice & Procedure Civ. § 2454 (3d ed.). Even "[a]ctual notice with no delivery to the named person fails to satisfy [Rule 45's] demands." *In re Newbrook Shipping Corp.*, 31 F.4th 889, 897 (4th Cir. 2022); *cf. id.* at 897 n.9 (also noting debate as to whether delivery to the named person must be by personal service or whether certified mail may suffice); *Souza v. Thurston*, 819 F. App'x 636, 639, 641 (10th Cir. 2020) (unpublished) (noting district court treatment of certified mail as an acceptable means of alternative service where personal service is unsuccessful, but declining to address arguments regarding the propriety of service by certified mail generally).

Here, there is no known actual notice to Aguilar and no delivery of the subpoena—by any means—to Aguilar. The subpoena has not been served and is not enforceable.

The Court recognizes Plaintiff's frustration at the delays caused by defense counsel's unsuccessful attempts to contact Aguilar over these past several months. It appears the parties may agree that some sort of extension of certain deadlines is appropriate in these circumstances. (*See* ECF No. 50 at 3.) Rather than attempt to decide that issue now, the Court will allow the parties to confer and submit either an agreed or opposed motion to the Court.

IT IS THEREFORE ORDERED that *Defendant's Motion to Quash Deposition Subpoena or, Alternatively, Motion for Protective Order* (ECF No. 46) is GRANTED. The subpoena to Mara Aguilar, served only on Defendant's counsel, is not enforceable.

ORDERED this 14th day of August, 2024.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT